# OHIO APPELLATE AND CIRCUIT COURT REPORTS.

## NEW SERIES—VOLUME XXII.

CAUSES ARGUED AND DETERMINED IN THE COURTS OF
APPEAL AND THE CIRCUIT COURTS
OF OHIO.

## ALTERNATIVE BIDDING NOT CONTRARY TO PUBLIC POLICY.

Court of Appeals for Hamilton County.

THE STATE OF OHIO, ON THE RELATION OF CHARLES F. WALTZ,
v. JAMES A. GREEN ET AL.*

Decided, June 1, 1915.

*Building Commissions—For Construction of Court Houses or Other
County Buildings—Statutes Controlling Their Action—Plans Pro-
viding in the Alternative for Different Materials and Methods—Do
Not Invalidate the Award—Where Full Competition is Provided
for.*

1. A building commission, constituted under the provisions of G. C.,
   Section 2333, is by virtue of the terms of G. C., Section 2338
   governed by the provisions of G. C., Section 2343, requiring accurate
   and complete plans and specifications, and also by the provisions
   of G. C., Section 2355, that such contract shall be awarded to the
   person who offers to perform the labor and furnish the materials
   at the lowest price.

---

*Affirming *State, ex rel Waltz,* v. *Green et al,* 17 N.P.(N.S.), —. Motion
for an order directing the Court of Appeals to certify its record
overruled June 4, 1915, for the reason that no error has intervened,
the question involved, however, being one of public interest.

2. Plans and specifications which provide in the alternative for different materials and methods of construction, and are full, accurate and complete as to each alternative in accordance with the requirements of G. C., Section 2343, and afford the opportunity for full competition as to each alternative, are valid; and an award to the lowest bidder on such alternatives as may be finally adopted, after the bids have been opened and considered, will be sustained.

*Kinkead & Rogers* and *Galvin & Galvin,* for plaintiff in error.
*John V. Campbell* and *Chas. A. Groom,* Prosecuting Attorneys, for Court House Building Commission.
*Pogue, Hoffheimer & Pogue,* for the Charles McCaul Co.

JONES (Oliver B.), J.; JONES (E. H.), J., and GORMAN, J., concur.

This is a proceeding in error seeking the reversal of a judgment rendered by the Superior Court of Cincinnati. The action below was brought by relator as a tax-payer to enjoin the defendants, constituting a building commission, and the Charles McCaul Company, as contractor, from proceeding to carry out the contract which has been entered into between them for the construction of a new court house for Hamilton county, Ohio. This contract was alleged by plaintiff's petition to be illegal for the reason that the court house building commission had failed in certain respects to comply with the statutes and particularly in the plans and specifications and in the forms and character of bids received.

Issue was taken by defendants, two separate answers being filed, one by the members of the court house building commission and one by the Charles McCaul Company. These answers alleged the observance in every respect of all the requirements of the statutes in regard to the proceedings necessary for the letting of the contract, and charged that the relator was not prosecuting the action in good faith as a tax-payer, and that he was guilty of certain acts constituting laches and estoppel, in that he had known of all proceedings taken, and had not instituted suit until after the contract had been signed and the work begun.

The case was heard on the evidence and the law, and the court rendered its decision in favor of the defendants, finding

that the contract is legal and valid and that the petition should be dismissed. Upon the request of relator the court separately stated its conclusions of fact and conclusions of law, and thereupon final judgment was entered for the defendants, dismissing the petition; to which and to certain conclusions of law due exceptions were taken by plaintiff. No bill of exceptions containing the evidence was filed.

The case is here for review, therefore, only upon the correctness of the conclusions of law to which plaintiff excepted.

The findings of the trial court that plaintiff prosecuted the action in good faith as a tax-payer and that he is not concluded either under the doctrine of estoppel or by laches, although questioned by counsel for defendants in their argument, can not be considered by us.

The first question presented is whether the amendment made in the language of that part of the law found in Section 2338, which was inserted in the enactment of the General Code of Ohio, had the effect to make the building commission subject to all the sections of that chapter which are applicable to court houses and jails and particularly to the provisions of Sections 2343 and 2355.

Section 2338, in which the words so added in the codification are italicized below, is as follows:

Section 2338. "After adopting plans, specifications and estimates, the commission shall invite bids and award contracts for the building and for furnishing, heating, lighting and ventilating it, and for the sewerage thereof. Until the building is completed and accepted, by the building commission, it may determine all questions connected therewith *and shall be governed by the provisions of this chapter relating to the erection of public buildings of the county.*"

The General Code of Ohio is not merely the work of a codifying commission, but it is also the enactment of the General Assembly. Such important language could not have been added by inadvertence or without purpose. Nor is it inconsistent with the preceding words of the clause of which it has been made a part. The power granted the building commission to determine

all questions connected with the building of the court house and jail is simply thereby modified by the requirements of such provisions of the chapter as are applicable thereto. The fact that certain sections of this chapter relate exclusively to bridges, infirmaries or children's homes only renders those particular sections inapplicable, and is no argument against the controlling force of all provisions which are plainly applicable. As has been noticed in the opinion of the trial court, the words used by Davis, J., in *Mackenzie* v. *State*, 76 O. S., 369, on page 373, * * * "It was the easiest thing possible, if it were intended that this building commission should be controlled by the existing law to have so said without otherwise defining the powers and duties of the commission," might well have offered a suggestion to the codifying commission and the General Assembly for the change so made in the law.

The effect of this change is recognized in *State, ex rel,* v. *Cass,* 13 C.C.(N.S.), 449, and the trial court here was right in holding that the words added must be deemed effective.

The main contention of plaintiff in error is that the members of the building commission were so limited by the terms of Sections 2343 and 2355 of the General Code, that it was illegal for them to prepare plans and specifications for more than one class of material or one mode of construction, in any of the elements that enter into the building of the new court house, or to receive proposals under such so-called alternative plans. Plans and specifications were made and bids taken in the alternative on different kinds of granite, limestone and sandstone for stone work; on different kinds of reinforced concrete work, and sundry other work and materials and for the inclusion or the exclusion of the demolition of the present court house and jail on the site of the new structure as part of the masonry.

No claim is made that the plans and specifications were not sufficiently full, accurate, complete and detailed in all respects as required by the law, as to each and every one of these so-called alternates. Nor was it claimed that full opportunity had not been given to all persons to bid separately for labor and materials on each or all of said alternates, nor that the Charles

McCaul Company was not the lowest bidder and lower than the separate bids therefor in the aggregate on the plan under which the award was made.

The objection to the contract therefore resolves itself down to plaintiff's claim that Section 2343 requires that all matters relating to the contract must be so determined in advance that only one possible plan can be considered or bid upon, so that when the bids are received it only becomes a matter of mathematical calculation to determine the lowest bidder and make the award to him.

Counsel for plaintiff contend that such a construction should obtain in order to interpose a bar to any possibility for graft or corruption. They disavow any charge of corruption in this case and admit the high character and honesty of purpose of all of the defendants, but at the same time claim that a different construction of the statute would, through the guise of a wide official discretion, offer an opportunity for dishonest officials by improper manipulation to defraud the tax-payers.

Counsel rely largely upon the case of *State, ex rel, v. McKenzie*, 9 C.C.(N.S.), 105, and adopt the reasoning of the court's opinion there. The judgment of the circuit court in that case was reversed in *Mackenzie v. State, ex rel*, 76 O. S., 369. And while the Supreme Court did not base its reversal upon the incorrectness of the decision of the circuit court as to the legality of alternative bids, it in no manner approved that decision. It should also be observed that the circuit court in that case distinctly held that, where the material is controlled by a patent or other monopoly, alternative varieties of material should be specified in order to open the way for actual competition. The argument of that court against alternative bidding as a question of public policy is in our judgment ably refuted in the opinion of Cooley, J., in *Attorney-General v. Detroit*, 26 Mich., 263. In *Emmert v. Elyria*, 74 O. S., 185, bids for the improvement of a street by paving with brick, asphalt or other material in the alternative, were held within the requirement of the statute. Many other decisions sustaining alternate bids are cited in the opinion of the trial court.

The argument of counsel for plaintiff is practically that such a method of alternative bidding is contrary to the statute because against public policy. The words of the statute itself do not prohibit such bidding nor make a single plan imperative. They make certain requirements as to fullness, accuracy and details of the plans, bills, specifications and estimates. It is conceded all of these requirements have been met as to each alternate. The fact that more than one alternate in different materials and methods of constructions is furnished can not interfere with the others, so long as each offers the completeness required by the statute and affords the opportunity for unhampered compe- tition as to each, nor can it in any way be deemed illegal as not complying with the statute. It offers more than is required, not less. Any one desiring to bid on a single plan may do so, and is simply offered several from which he may select the one, or as many as he may desire.

If not found contrary to the words of the statute, why should it be deemed against public policy. The acts of the General As- sembly certainly may be said to disclose public policy. The last paragraph of the very section which counsel for plaintiff claim has been violated, Section 2343, General Code, provides that nothing in the section shall prevent the commissioners from re- ceiving alternate bids on iron or reinforced concrete substruc- tures for bridges for which they themselves may furnish the necessary plans and specifications. Section 2345, General Code, authorizes alternate bidding on bridge construction on plans and specifications furnished by the bidders, and under Section 2344, plans may be prepared or not by the county at the discretion of the commissioners.

Sections 2362, 2363 and 2364, which were admittedly fol- lowed by the court house building commissioners in this case, also provide a method for alternate bidding by allowing distinct and separate bids for materials and labor for each separate and distinct trade or kind of mechanical labor, employment or busi- ness entering into the improvement, while at the same time re- ceiving lump bids for the entire structure. It must therefore be apparent that the alternate bids complained of in this case

are neither inhibited by statute nor contrary to public policy and that the contract thereunder is a legal and valid contract.

The opinion of the trial court furnishes a full and complete discussion of the questions involved and the authorities relied upon. It meets the entire approval of this court, and renders it unnecessary to further discuss the interesting questions raised and the many cases cited in the oral arguments and exhaustive briefs of counsel on both sides.

The judgment below is affirmed.